In re **CHATTANOOGA WHOLESALE ANTIQUES, INC.**, Debtor.

C. Kenneth **STILL**, Trustee, Plaintiff,

v.

**ROSSVILLE BANK**, Defendant.

Bankruptcy No. 1–82–02041.
Adv. No. 1–84–0300.

United States Bankruptcy Court,
E.D. Tennessee.

April 24, 1987.

Thomas E. Ray of Ray & North, Chattanooga, Tenn., for plaintiff.

Fred T. Hanzelik, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Chief Judge.

The trustee in bankruptcy in the case of Chattanooga Wholesale Antiques (the debtor) brought this suit against Rossville Bank (the bank) to recover payments the debtor made to the bank before the debtor filed its bankruptcy petition and afterward. The court held for the bank as to all the payments. The trustee has now filed a motion to reconsider, to amend, to make additional findings of fact, or to re-open the proof.

As to the post-bankruptcy payments, the trustee argues that the court decided the case on the mistaken assumption that the bank's claim was allowed as secured when it was actually allowed as unsecured.

The trustee says the bank could have changed the status of the claim from unsecured to secured by filing a proof of claim before the bar date set under Bankruptcy Rule 3003(c), but it failed to do so. Thus, the trustee argues that the chapter 11 plan treating the bank's claim as secured was not confirmable, and the payments to the bank under the plan should be recovered.

The flaw in the argument is the proposition that the only way for the bank's claim to be changed from unsecured to secured was for the bank to file a proof of claim before the bar date. Before confirmation of the plan, the debtor itself could have changed the claim from unsecured to secured simply by amending the schedules. This would not have required notice to all interested parties. Bankruptcy Rule 1009.

The debtor, however, gave notice to all interested parties twice before confirmation that the plan would treat the bank's claim as secured. This included notice to

the parties most likely to object, the holders of unsecured claims. No one objected, and the plan was confirmed with the bank's claim treated as secured.

In a situation like this, the debtor should amend its schedules before confirmation so that the claim will clearly be deemed allowed as secured. But the court sees no good reason why the confirmation procedure should not be given the same effect in this case. Before confirmation of the plan, the debtor made clear to everyone who might object that it intended to change the scheduling of the bank's claim from unsecured to secured for purposes of the plan. The confirmation of the plan should be treated as changing the status of the bank's claim from unsecured to secured.

Of course, the question is much different when a claim is already allowed or deemed allowed as secured and the plan proposes to treat it as unsecured. The question is whether the plan can render the claim unsecured or a separate objection is required. *In re Rogers*, 57 B.R. 170, 13 Bankr.Ct.Dec. 1356, 14 Coll.Bankr.Case.2d 142, (Bankr.E.D.Tenn.1986).

The trustee relies on a chapter 13 case for the proposition that a plan cannot change the status of an allowed claim. *In re Simmons*, 765 F.2d 547 (5th Cir.1985). This is not entirely true since a chapter 13 plan should be able to determine the amount in which a secured claim is allowed as secured without bogging down the process with a separate objection and request for a valuation hearing. *In re Rogers*, 57 B.R. 170, 13 Bankr.Ct.Dec. 1356, 14 Coll. Bankr.Cas.2d 142 (Bankr.E.D.Tenn.1986). In any event, the trustee is right as to the general rule in chapter 13 cases, but they are distinguishable from chapter 11 cases.

In a chapter 13 case the status of an allowed claim is determined in the first instance by the proof of claim that must be filed in order for the claim to be allowed. 11 U.S.C. § 502; Bankr.Rule 3001(f). The creditor controls the initial status of the allowed claim by filing the proof of claim. The debtor generally cannot change the claim's status without filing an objection.

By contrast, the debtor in a chapter 11 case initially determines the status of the claim by scheduling it. Neither the code nor the rules prohibit the debtor from changing a claim's status by amending the schedules. That is essentially what the debtor did in this case by providing in the disclosure statement and plan that the bank's claim would be treated as secured.

The court concludes that once the plan was confirmed the bank had an allowed secured claim. Therefore, the court declines to reverse its decision on this point.

■ The trustee's next argument concerns the court's holding that he failed to prove the pre-bankruptcy payments were preferential under § 547(b)(5). 11 U.S.C. § 547(b)(5).

To prove that payments were preferential under § 547(b)(5), the trustee or his accountant usually testifies as to what will in fact be paid on non-priority unsecured claims as a result of the bankruptcy case. The trustee's testimony in this case followed the usual course. He testified that 8.3% had been paid on such claims during the chapter 11 phase of the case and that little or nothing more would be paid in the case after conversion to chapter 7.

After the trial, in the case of *In re Tenna*, 801 F.2d 819 (6th Cir.1986), it was held that proof like the trustee had offered was not the correct approach under § 547(b)(5) in a case that began under chapter 11. The court of appeals held that § 547(b)(5) requires proof of what would have been paid on the creditor's claim if the case had begun as a chapter 7 liquidation. Relying on the court of appeals decision, this court held that the trustee had failed to prove his case under § 547(b)(5).

The trustee now asks the court to reconsider because the court did not consider as evidence on the point the schedules of debts and assets filed in the chapter 11 phase of the case. As far as the court can tell from the record, the trustee did not offer the schedules as proof of all the debtor's debts and assets for the purpose of making a case under § 547(b)(5). The trustee was attempting to prove only the amount that the debtor had on deposit with

the defendant bank at the time the debtor filed its bankruptcy petition.[1] The bank objected to the schedules as proof of this point on the grounds that judicial notice was not allowed and that the schedules were inadmissible hearsay. The court can consider the schedules, as the trustee asks, only if it treats the schedules as offered to prove a point they were not offered to prove, assumes the same objections and then overrules them.

The question of whether the court can take judicial notice of the schedules and the question of whether the schedules are admissible or inadmissible hearsay are important questions. They should be decided on a complete record, after the parties have argued the issues and had the opportunity to present evidence as to the admissibility of the schedules or other evidence. The general or residual hearsay exceptions in particular require not just argument but proof and in some cases advance notice. Fed.R.Evid. 803(24) & 804(b)(5). Other hearsay exceptions and judicial notice may also depend on proof to make them apply. The court prefers not to decide by hindsight as the trustee asks.

The court cannot ignore the fact that the need for hindsight was caused partly by the court of appeals decision in *Tenna* after the trial in this case. At the time of the trial the trustee should have known that in a case which began under chapter 11 and converted to chapter 7, § 547(b)(5) could be interpreted to require proof of the actual effect of the bankruptcy case or proof of a hypothetical liquidation at the beginning of the case. The trustee could have tried to present proof under both interpretations but didn't. However, if the trustee had asked that the proof be re-opened in light of the *Tenna* decision before the court rendered judgment against him, the court would have re-opened the proof. A change in or clarification of the law has been recognized as a ground for re-opening the proof. *Patterson v. American Tobacco Co.*, 634 F.2d 744 (4th Cir.1980); *Skehan v. Board of Trustees*, 590 F.2d 470 (3d Cir. 1978); *Aiello v. City of Wilmington*, 470 F.Supp. 414 (D.Del.1979). See also *Kanelos v. Kettler*, 406 F.2d 951, 954–55 n. 15 (D.C.Cir.1968). The trial court's decision to re-open the proof can be reversed only if it was an abuse of discretion. *Noble v. National Mines Corp.*, 774 F.2d 144 (6th Cir. 1985).

The trustee could have presented proof under both interpretations of the statute, but he should not be penalized for failing to do so when the law became settled after trial but before the court entered judgment. Furthermore, the court sees no particular reason for denying re-opening the proof simply because judgment has been entered. This is not the kind of case in which re-opening will require the other party to submit its evidence again. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) reh. den. 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971). The bank's defense on all points was not based on presenting contrary proof. It was based on attacking or objecting to the trustee's evidence. Furthermore, the only point in question is whether the payments were preferential under § 547(b)(5). The proof at the trial satisfied all the other elements of § 547(b), and the bank did not attempt to rebut the presumption of insolvency. 11 U.S.C. § 547(b)(1)–(4) & (f).

The court will re-open the proof to allow the trustee to present proof under § 547(b)(5) as interpreted by the court of appeals in *In re Tenna*. Of course, the bank must be entitled to present whatever counter evidence it desires as to the requirements of § 547(b)(5). *Noble v. National Mines Corp.*, 774 F.2d 144 (6th Cir. 1985).

The court will enter an order accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

---

1. The court is not certain why the trustee wanted to prove the amount of the deposits. He may have been trying to disprove a defense by the bank based on the right of set-off.